IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOSEPH DANIEL ROGERS                                                                                    PLAINTIFF

v.                                          Civil No. 2:23-cv-02129-SOH-MEF

SHERIFF HOBE RUNION
(Sebastian County, Arkansas);
SGT. EDDIE SMITH
(Sebastian County Jail Administrator);
CAPTAIN DUMAS
(Sebastian County Detention Center);
NURSE BRITTANY
(TurnKey Medical, Head Nursing Supervisor)                                                      DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to obey four Court Orders and failure to prosecute this case.

**I.     BACKGROUND**

Plaintiff filed his Complaint on October 30, 2023. (ECF No. 1). The Court's Order provisionally filing the case, as well as the Order granting him *in forma pauperis* ("IFP") status, both advised Plaintiff that he must immediately inform the Court of any address change, or his case would be subject to dismissal. (ECF Nos. 2, 7). On November 13, 2023, the Court entered an Order directing Plaintiff to submit an Amended Complaint. (ECF No. 5). Plaintiff did so on November 29, 2023. (ECF No. 6).

On March 21, 2024, the Sebastian County Defendants filed their Motion for Summary Judgment. (ECF No. 21). The next day, the Court entered an Order directing Plaintiff to submit

1

his Summary Judgment Response by April 12, 2024, or his case would be subject to dismissal. (ECF No. 24). Plaintiff filed his Response on April 11, 2024. (ECF Nos. 25, 26).

On June 20, 2024, Plaintiff submitted a Notice of Address Change indicating that he was no longer incarcerated. (ECF No. 27). Pursuant to District policy, the Court entered an Order directing Plaintiff to resubmit his IFP application to ascertain if he was still eligible to proceed IFP. (ECF No. 28). Plaintiff was directed to submit his free-world IFP application by July 12, 2024. (*Id*.). When Plaintiff failed to submit his IFP application, the Court entered a Show Cause Order on July 19, 2024, directing Plaintiff to show cause for his failure to obey a Court Order. (ECF No. 29). Both Orders were sent to the new address previously provided by Plaintiff. Both Orders were returned as undeliverable on September 9, 2024, indicating there was no new address available.

To date, Plaintiff has failed to provide his free-world IFP application, his Show Cause Response, or his new address.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III. ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with four Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Amended Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Amended Complaint (ECF No. 6) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **11th day of September 2024**.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

3